**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**STATE FARM FIRE AND**
**CASUALTY COMPANY,**

                **Plaintiff,**           **CASE NUMBER:05-74700**
                                        **HONORABLE VICTORIA A. ROBERTS**

**v.**

**HAMILTON BEACH/PROCTOR-SILEX,**
**INC.,**
                **Defendant.**
_____/

**ORDER**

**I.  INTRODUCTION**

       This matter is before the Court on Defendant's Motion for Summary Judgment.

For the reasons stated below, this Court **GRANTS** Defendant's motion.

**II.  BACKGROUND**

       On November 14, 2002, a fire occurred, at the home of Nathan and Molly Muir.

Plaintiff State Farm Fire and Casualty Company ("State Farm") insured the home.

According to Plaintiff, a toaster manufactured by Defendant Hamilton Beach/Proctor-

Silex, Inc. ("Hamilton Beach") caused the fire.

       Plaintiff filed a Summons and Complaint against Defendant on November 9,

2005 in Kent County Circuit Court.  Plaintiff alleges two state law claims:

negligence/product liability (Count I) and breach of contract/breach of express and/or

implied warranty (Count II).  The Kent County Circuit Court found that the Complaint

1

was not filed in the proper venue and transferred the case to the Circuit Court for

Lapeer County on November 28, 2005.

A summons issued on November 9, 2005.  Plaintiff mailed the Summons and

Complaint to Defendant's registered agent, CT Corporation, by certified mail.  The

registered agent received the Summons and Complaint on November 14, 2005 and

forwarded it to Defendant on November 16, 2005.  Under state law, the summons

expired 91 days after the Complaint was filed, on February 8, 2006.

Defendant removed the case from Lapeer County to this Court on December 12,

2005 and filed an Answer and Affirmative Defenses on December 18, 2005.  Two of the

affirmative defenses Defendant asserts are: 1) service of the Complaint was deficient

and improper, since it was not served in accordance with state law, and 2) Plaintiff's

Complaint is barred by the statute of limitations.  Defendant requests summary

judgment based on M.C.L. §600.5805(13)--that Plaintiff's Complaint is time barred.

## III.    STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law."  *Copeland v. Machulis*, 57 F.3d

476, 478 (6th Cir. 1995).  A fact is "material" and precludes a grant of summary

judgment if "proof of that fact would have [the] effect of establishing or refuting one of

the essential elements of the cause of action or defense asserted by the parties, and

would necessarily affect application of appropriate principle[s] of law to the rights and

obligations of the parties."  *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

2

The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The moving party bears the initial burden of showing that there is no genuine issue of material fact. *Snyder v. AG Trucking Co.*, 57 F.3d 484, 488 (6th Cir. 1995). To meet this burden, the movant may rely on any of the evidentiary sources listed in Rule 56(c). *Cox*, 53 F.3d at 149. Alternatively, the movant may meet this burden by pointing out to the court that the nonmoving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case, and on which that party will bear the burden of proof at trial. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937 (6th Cir. 1995); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989). The moving party does not, however, have to support its motion for summary judgment with evidence negating its opponent's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).

Once the moving party has met its burden, the burden shifts to the nonmoving party to produce evidence of a genuine issue of material fact. Rule 56(e); *Cox*, 53 F.3d at 150. The nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of its complaint. *Copeland*, 57 F.3d at 479. The mere existence of a scintilla of evidence to support the nonmoving party position will be insufficient; there must be evidence on which a jury could reasonably find for the nonmoving party. *Snyder*, 57 F.3d at 488; *Tolton*, 48 F.3d at 941.

## IV.   ANALYSIS

The parties agree that Michigan's three-year statute of limitations for product

3

liability actions applies in this case.  *See* M.C.L. §600.5805(13).  They also agree that the statute of limitations ran on Plaintiff's claim on November 14, 2005, and that Plaintiff filed the Complaint on November 9, 2005, five days before the statute expired.

Defendant contends that the statute of limitations was not tolled by the filing of the Complaint, and ultimately expired because Plaintiff never properly served the Complaint in accordance with state law.  Plaintiff disputes Defendant's interpretation of state law and argues that the Complaint was properly served on Defendant's resident agent by November 14, 2005.  Alternatively, Plaintiff contends that state court rules prohibit dismissal for improper service since Defendant had actual notice of the Complaint by November 14, 2005 and/or that it is entitled to perfect service under federal law.

The Court finds that Plaintiff did not properly serve Defendant under state law. Additionally, the Court finds that because of the improper service and Plaintiff's failure to properly serve Defendant within the time frame set forth in M.C.L. §600.5856, the statute of limitations expired, and this action must be dismissed.

**A.     Proper Service under Michigan's Court Rules was Required to Toll the Statute of Limitations**

Michigan's tolling statute provides:

> The statutes of limitations or repose are tolled in any of the following circumstances:
>
> (a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.
>
> (b) At the time jurisdiction over the defendant is otherwise acquired.
>
> (c) At the time notice is given in compliance with the applicable

4

> notice period under section 2912b, if during that period a claim would
> be barred by the statute of limitations or repose; but in this case, the
> statute is tolled not longer than the number of days equal to the
> number of days remaining in the applicable notice period after the
> date notice is given.

M.C.L. §600.5856 (footnote omitted).  Under subsection (a), which is the provision at

issue in this case,   the statute of limitations is tolled by the filing of a complaint if a

plaintiff: 1) filed the complaint within the statute of limitations, and 2) served it in

accordance with state court rules.

Plaintiff satisfied the first prong, but failed to satisfy the second prong.

**B.    Defendant was Improperly Served**

The Court must apply state law to determine the validity of service prior to

removal.  *See Cowen v American Medical Systems, Inc.,* 411 F.Supp.2d 717, 720 (E.D.

Mich. 2006); *Jackson v Southeastern Pennsylvania Transportation Authority,* 727

F.Supp. 965, 967 (E.D. Pa. 1990)

In Michigan, M.C.R. §2.105(D) governs service of process on a corporation.  It

states in relevant part:

> **(D) Private Corporations, Domestic and Foreign.** Service of
> process on a domestic or foreign corporation may be made by
>
> (1) serving a summons and a copy of the complaint on an officer or
> the resident agent.

M.C.R. §2.105(D)(1).

Defendant argues that (D)(1) requires personal service on a corporation's officer

or resident agent.  Therefore, Defendant contends that Plaintiff's service on its

registered agent by certified mail was not proper service under (D)(1).  Plaintiff contends

that there is no basis to interpret the term "serving" as requiring personal service.

5

Rather, Plaintiff cites other language that it argues supports a broad interpretation of the term to include service by mail: 1) §2.105(H)(1), which applies to service upon agents and uses similar language,[1] 2) the definition of "service of process" in Black's Law Dictionary,[2] and 3) the 1985 Comment to §2.105.[3]  Alternatively, Plaintiff argues that the term is ambiguous.

M.C.R. §2.105(D)(1) does not explicitly permit service by registered mail. Further, the Court is not persuaded that service by registered mail is implicit in the term "serving."  The Court also believes that the term "serving" is not ambiguous as used in (D)(1).  Consequently, it is not necessary for the Court to look to the language Plaintiff

---

[1]M.C.R. §2.105(H)(1) states:

(H) Agent Authorized by Appointment or by Law.

(1) Service of process on a defendant may be made by serving a summons and a copy of the complaint on an agent authorized by written appointment or by law to receive service of process.

[2]Black's Law Dictionary defines "service of process," in part, as follows:

The service of writs, complaints, summonses, etc., signifies the delivering to or leaving them with the party to whom or with whom they ought to be delivered or left; and, when they are so delivered, they are then said to have been served.

*Black's Law Dictionary* 1368 (6th ed., West 1990).

[3]Plaintiff cites the following portion of the Comment:

Subrule (A)(2) provides that service on an individual may be made by registered or certified mail with delivery restricted to the addressee. A copy of the return receipt signed by the defendant must be attached to the proof of service.

There are corresponding changes in subrules (C)-(E) that would permit service by mail on persons who are served as representatives of organizations. The prior rule spoke of "leaving" the summons and a copy of the complaint with these persons. GCR 1963, 105.3-105.6.

6

cites in subsection (H)(1), Black's Law Dictionary or the Comment to M.C.R. §2.105 to "interpret" the term. *Cam Construction v Lake Edgewood Condominium Ass'n,* 465 Mich. 549, 554 (2002)(when construing a court rule, the court "must enforce the meaning expressed, without further judicial construction or interpretation."). Rather, the Court finds that its meaning is clear when it is considered in context. That is, even though "serving" is not defined in §2.105, several subsections of §2.105 make it clear when service by mail is proper.

Specifically, in M.C.R. §2.105(C)(2), there is an explicit distinction between "serving" a summons and complaint on a designated person and sending a copy by registered mail:

> (C) Partnerships; Limited Partnerships**.** Service of process on a partnership or limited partnership may be made by
>
> <div align="center">* * *</div>
>
> (2)  **serving a summons and a copy of the complaint on the person in charge** of a partnership office or business establishment ***and* sending a summons and a copy of the complaint by registered mail**, addressed to a general partner at his or her usual residence or last known address.

(emphasis added). Virtually the same language is used in M.C.R. §2.105(D)(2) and (E)(1)-(2). As Defendant asserts, this deliberate distinction suggests that the Michigan Supreme Court did not intend that the term "serving" be interpreted as synonymous with "mailing." Therefore, the Court finds that Plaintiff's delivery of the Summons and Complaint by registered mail was not proper service under §2.105(D)(1). Plaintiff failed to satisfy the second prong of §600.5856 prior to removal, and Plaintiff made no further attempts to serve Defendant after removal.

<div align="center">7</div>

**C.      Plaintiff Failed to Take Necessary Steps to Toll the Statute of
Limitations**

The Court must look to state law to determine whether the statute of limitations is
tolled despite Plaintiff's failure to perfect service.  That is, the Supreme Court in *Ragan v
Merchants*, 337 U.S, 530 (1949), held that its prior decision in *Erie R. Co. v Tompkins,*
304 U.S. 64 (1938), dictates that "a federal court in a diversity case . . . apply the same
rule in determining whether a state statute of limitations has been tolled as the local
court would apply, at least where it is made an integral part of the statute."  *Sylvester v
Messler,* 246 F.Supp. 1, 2 (E.D. Mich. 1964).  The intent of *Erie* was "to insure that, in
all cases where a federal court is exercising jurisdiction solely because of the diversity
of citizenship of the parties, the outcome of the litigation in the federal court [would] be
substantially the same, so far as legal rules determine the outcome of a litigation, as it
would be if tried in a State court."  *Guaranty Trust Co. of New York v York*, 326 U.S. 99,
109 (1945).

The statute of limitations has been construed as an integral part of M.C.L.
§600.5856, because the statute prescribes a definite tolling procedure.  *See Sylvester*,
246 F.Supp. at 1; *Blaha v A.H. Robins and Co.,* 536 F.Supp. 344, 349 (W.D.
Mich.1982).  Therefore, *Erie* requires the Court to apply the same rules and analysis
Michigan courts would apply.

Under the Michigan court rules, Plaintiff's time to effect proper service extended
to the date the Summons expired--February 8, 2006.  *See* M.C.R. §2.102(E);
*Wlodarczak v Smith*, 2005 W.L. 2401568 (Mich. App. 2005)(unpub. op.)(statute of
limitations tolled until expiration of the summons).  Under appropriate circumstances,

8

Plaintiff would have been allowed under state court rules to request that the Summons be extended beyond February 8, 2006. *See* M.C.R. §2.102(D).[4]  And, state court rules also provide that the running of the time allowed under a state summons "is tolled while a motion challenging the sufficiency of the summons or of the service of the summons is pending." *Id.*

Defendant removed Plaintiff's action to this Court on December 12, 2005. Plaintiff's service of process was defective at the time of removal.  But, Plaintiff still had just under two months (50 days) remaining under the state court summons to perfect service.  And, on December 18, 2005, Defendant filed affirmative defenses indicating that it contested the sufficiency of service and submission to the personal jurisdiction of this Court.  Having preserved the defense in its first responsive pleading, Defendant was not required to take any further action to put Plaintiff on notice that an examination of the manner in which it attempted service was, perhaps, in order.

Plaintiff could not have completed service with the state court summons after removal, but it could (and should) have requested that this Court issue a federal summons.  *See Dean Marketing, Inc. v AOC Intern (U.S.A.) Ltd.,* 610 F.Supp. 149, 152

---

[4]M.C.R. §2.102(D) states:

Expiration. A summons expires 91 days after the date the complaint is filed. However, within those 91 days, on a showing of due diligence by the plaintiff in attempting to serve the original summons, the judge to whom the action is assigned may order a second summons to issue for a definite period not exceeding 1 year from the date the complaint is filed. If such an extension is granted, the new summons expires at the end of the extended period. The judge may impose just conditions on the issuance of the second summons. Duplicate summonses issued under subrule (A) do not extend the life of the original summons. The running of the 91-day period is tolled while a motion challenging the sufficiency of the summons or of the service of the summons is pending.

(E.D. Mich. 1985).  However, despite notice that Defendant challenged the sufficiency of service, Plaintiff failed to request issuance of a federal summons.  Instead, Plaintiff elected to take no further action prior to the expiration of the state court summons, based on the presumption that service was properly made under state law.   Plaintiff made this erroneous presumption to its peril.  In fact, service of process was not properly made and, therefore, the statute of limitations was not tolled under §600.5856 beyond November 14, 2005.  The statute also was not tolled pending the Court's ruling on Defendant's motion, because the motion was not filed until well after the expiration of the state court summons.

**D.      Neither the State nor the Federal "Savings" Provisions Apply**

Plaintiff argues that its failure to strictly comply with state court rules of service should not result in dismissal.  Plaintiff points out that M.C.R. §2.105(J) provides a catch-all, savings clause which applies when service is not properly made but the defendant had actual notice of the action:

> An action shall not be dismissed for improper service of process
> unless the service failed to inform the defendant of the action within
> the time provided in these rules for service.

M.C.R. §2.105(J)(3).

Plaintiff's reliance upon (J)(3) is misplaced.  By its express language, subsection (J)(3) only applies when dismissal is sought on the ground that service of process was improper.  Defendant, however, does not seek to have this action dismissed under FRCP 12(b)(5) because of improper service.  Rather, Defendant requests summary judgment because the claim is barred by the statute of limitations.

Moreover, the State of Michigan chose to make the tolling of the statute of

10

limitations and service on a defendant an integral part of the statute governing limitations of actions. Thus, if improper service caused the statute of limitations to expire, the considerations the Court must take into account go beyond M.C.R. §2.105(J)(3) and it does not apply.

Plaintiff is also precluded from relying upon 28 U.S.C. §1448 because it did not timely invoke the statute's protections. Section 1448 governs service of process after an action is removed from state court. It provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

Under §1448, the Court had complete authority to issue a federal summons giving Plaintiff all of the remaining time it had on the state summons to complete service. The Court also had authority to extend the summons in accordance with state law, had Plaintiff requested that the Court do so prior to February 8, 2006. *See* M.C.R. §2.102(D). However, Plaintiff did not ask the Court to exercise its authority under §1448 before its time to serve Defendant under state law expired. And, §1448 may not be invoked to, effectively, extend the statute of limitations when the action would otherwise be barred under state law. *See York*, 326 U.S. at 109.

## IV.   CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff did not properly serve Defendant within the applicable state court rules. The Complaint is now time barred due to Plaintiff's failure to comply with the requirements of M.C.L. §600.5856.

11

Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Complaint is

**DISMISSED**.

      **IT IS SO ORDERED**.

<div style="margin-left:40%">
S/Victoria A. Roberts _____

Victoria A. Roberts

United States District Judge
</div>

Dated:  January 11, 2007

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 11, 2007. |
| S/Carol A. Pinegar _____ |
| Deputy Clerk |